UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL C. SCOCA,

Plaintiff,

-against-

PUTNAM COUNTY CORRECTIONAL FACILITY,

Defendant.

26-CV-9467 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

Plaintiff Michael C. Scoca, who is currently held in Ulster Correctional Facility, brings this action *pro se* under 42 U.S.C. § 1983, alleging that Defendant Putnam County Correctional Facility ("PCCF") violated his rights under the Eighth Amendment. The Court liberally construes the complaint as asserting an additional statutory claim under New York Civil Rights Law § 85 and tort claims of negligence and medical malpractice. Plaintiff seeks $2 million in monetary relief.

By Order dated November 4, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 5.) For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in the original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Id*. at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible –– not merely possible –– that the pleader is entitled to relief. *Id.* at 678.

## BACKGROUND

The following facts are drawn from the complaint.[1] On May 26, 2025, while confined in PCCF, Plaintiff became "extremely ill" and was "unable to move." (ECF No. 1, at 4.) He requested sick call and was evaluated by correctional medical staff on the same day. (*Id.*) Nurse Claire took Plaintiff's blood pressure reading, which was extremely low "and dropping." (*Id.*) Plaintiff was thereafter "rushed" to Putnam County Hospital, where he remained for five days and was diagnosed with cellulitis and sepsis, "which nearly killed [him]." (*Id.*) Plaintiff "developed cellulitis again two months later" and required frequent follow-up treatment at Westchester County Hospital. (*Id.* at 4-5.)

## DISCUSSION

### A. Defendant PCCF

Plaintiff names PCCF, a correctional facility, as the sole defendant in this action. The Court must dismiss those claims because a correctional facility is not a "person" within the meaning of Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (explaining that a state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (explaining that a court not a "person" within the meaning of Section 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420, 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (explaining that a correctional facility or jail is not a "person" within the meaning of Section 1983).

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

Considering Plaintiff's *pro se* status and his clear intention to assert claims against Putnam County, the Court construes the complaint as asserting claims against Putnam County and directs the Clerk of Court to add Putnam County as a defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Putnam County may wish to assert.

**B. The Eighth Amendment**

Plaintiff indicates that he was a convicted prisoner, rather than a pretrial detainee, at the time that his claims arose. Because the Eighth Amendment (rather than the Fourteenth Amendment) applies to conditions-of-confinement and medical-care claims that arise while a plaintiff is serving a sentence, the Court construes the complaint as asserting an Eighth Amendment claim under Section 1983.

The complaint does not appear to attribute any specific wrongdoing to Putnam County or any of its correctional officials. Moreover, it is not clear whether Plaintiff is alleging that: (1) Putnam County or its employees created or otherwise allowed unsanitary conditions of confinement in its jail, which caused Plaintiff to develop cellulitis and sepsis, or that (2) Putnam County or its employees were aware of Plaintiff's medical conditions yet took no action or ineffective action in response to it. The Court explains both theories of liability below.

**1. Conditions of Confinement**

"The Constitution 'does not mandate comfortable prisons' . . . but neither does it permit inhumane ones, and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and *Helling v. McKinney*, 509 U.S. 25, 31(1993)). To establish a constitutional violation with respect to his conditions of confinement, a plaintiff must allege facts showing that: (1) he was incarcerated under conditions that posed an excessive risk to his health or safety, and (2) the

defendant acted with deliberate indifference by knowing of and disregarding that risk. *Farmer*, 511 U.S. at 834, 837; *see Rhodes*, 452 U.S. at 347; *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002). Only "extreme deprivations" are sufficient to sustain a claim based on conditions of confinement. *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999). Ultimately, the question is whether the conditions of the prisoner's confinement violate contemporary standards of decency. *Phelps*, 308 F.3d at 185 (citing *Helling*, 509 U.S. at 35–36; *Rhodes*, 452 U.S. at 347).

Courts have recognized that the risk of contracting a communicable disease constitutes an "unsafe, life-threatening condition" that threatens "reasonable safety." *Helling*, 509 U.S. at 33; *see Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996) ("[C]orrectional officials have an affirmative obligation to protect [forcibly confined] inmates from infectious disease"); *Narvaez v. City of New York*, No. 16-CV-1980 (GBD), 2017 WL 1535386, at *9 (S.D.N.Y. Apr. 17, 2017) (denying "motion to dismiss Plaintiff's claim that the City of New York violated Plaintiff's rights under the Due Process Clause by repeatedly deciding to continue housing him with inmates with active-TB" during his pretrial detention); *Bolton v. Goord*, 992 F. Supp. 604, 628 (S.D.N.Y. 1998) (acknowledging that prisoner could state claim under Section 1983 for confinement in same cell as inmate with serious contagious disease).

To the extent that Plaintiff asserts a conditions-of-confinement claim under Section 1983, the complaint fails to set forth facts meeting either of the elements described above. Plaintiff provides no facts suggesting that, before he became ill, he was confined under conditions that posed a serious risk to his health or, if he was, that Defendant or its employees were aware of the conditions and failed to take reasonable measures to correct them. Plaintiff therefore fails to state a conditions-of-confinement claim under Section 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

If Plaintiff intends to pursue a conditions-of-confinement claim under the Eighth Amendment, he must set forth facts showing that he was confined under conditions that posed a serious risk of harm and that Defendant(s) were aware of the risk of harm yet failed to take reasonable measures to abate it.

**2. Medical Care**

To establish a constitutional claim for inadequate medical care under the Eighth Amendment, a plaintiff must show that correctional officials were deliberately indifferent to the plaintiff's serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *Charles v. Orange Cnty.*, 925 F.3d 73, 82 (2d Cir. 2019). Like the conditions-of-confinement standard described above, courts evaluate deliberate indifference under a two-pronged test comprised of both objective and subjective components. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component of this standard requires that the alleged medical need be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (noting that the objective component contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain"). The subjective component requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). That is, a plaintiff must show that the defendants knew of and disregarded an excessive risk to the inmate's health or safety by failing to take reasonable measures to avoid the harm. *See Farmer*, 511 U.S. at 837. Under this standard, a challenge based on the inadvertent or negligent failure to provide adequate

care does not raise a constitutional claim under the Eighth Amendment. *See Estelle*, 429 U.S. at 106; *Chance*, 143 F.3d at 703.

Although Plaintiff does allege facts showing that he had a sufficiently serious medical need, he fails to allege that Defendant or any of its employees acted with deliberate indifference to that serious medical need. In fact, the complaint suggests the opposite—that correctional medical staff first became aware of Plaintiff's serious medical need on May 26, 2025, and on that same day, "rushed" him to the hospital for emergency treatment. (ECF No. 1, at 4.) Plaintiff therefore fails to state a claim under the Eighth Amendment for deliberate indifference to his serious medical needs. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

If Plaintiff chooses to file an amended complaint and pursue a medical-care claim, he must set forth facts showing not only that Defendant(s) knew about his medical need, but they failed to take reasonable measures to avoid or otherwise mitigate the harm.

**C. Supplemental Jurisdiction Declined**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### D. Leave to Amend Granted

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp*., 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid conditions-of-confinement and medical-care claims under the Eighth Amendment, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff chooses to amend his complaint, he should name as defendants Putnam County and any Putnam County employees who caused him harm. If Plaintiff does not know the identities of the Putnam County employees who he wishes to sue, he may name "John Doe" and "Jane Doe" as defendants in this action and describe the role that each "John Doe" or "Jane Doe" played in subjecting him to dangerous conditions of confinement or denying him adequate medical care.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses Plaintiff's claims against the Putnam County Correctional Facility for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to

substitute Putnam County as a defendant in place of the Putnam County Correctional Facility, under Rule 21 of the Federal Rules of Civil Procedure.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

An amended complaint form is attached to this Order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: November 9, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

**AMENDED COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write “see attached” in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual’s full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual’s birth; a minor’s initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: ____________________________________________

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

______________________________________________

First Name Middle Initial Last Name

______________________________________________

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

______________________________________________

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

______________________________________________

Current Place of Detention

______________________________________________

Institutional Address

______________________________________________

County, City State Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: ______________________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 2:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 3:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 4:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated ____________________ Plaintiff's Signature ____________________

First Name Middle Initial Last Name

Prison Address

County, City State Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: ____________